CONSEJO DE EDUCACIÓN SUPERIOR DE LA UNIVERSIDAD DE PUERTO RICO y OTROS, demandantes y apelantes, *v.* HON. PEDRO ROSSELLÓ GONZÁLEZ, GOBERNADOR DE PUERTO RICO, demandado y apelado.

*Número:* AC-93-426        *Resuelto:* 20 de octubre de 1993

*Lino J. Saldaña* y *Pedro Juan Pérez Nieves*, de *Saldaña, Rey & Alvarado*, abogados de los apelantes; *Daniel R. Domínguez, Jorge C. Pizarro* y *Marie E. López Adames*, de *Domínguez & Totti*, abogados de los apelados; *Pedro A. Delgado Hernández, Procurador General; Rubén T. Nigaglioni, Jorge A. Antongiorgi* y *Julio Nigaglioni Arrache*, de *Ledesma, Palou & Miranda*, abogados de la Universidad de Puerto Rico; *José de la Cruz Skerrett*, abogado de la Asociación de Colegios y Universidades Privadas (A.C.U.P.), *amicus curiae; Rafael L. Martínez Torres* y *Carlos Santiago Torres*, abogados del nuevo Consejo de Educación Superior. ·

## RESOLUCIÓN

A la moción informativa, enterado.

Lo acordó el Tribunal y certifica la señora Subsecretaria General. El Juez Asociado Señor Negrón García emitió un voto disidente.

(*Fdo.*) Carmen E. Cruz Rivera
*Subsecretaria General*

— O —

Voto disidente del Juez Asociado Señor Negrón García.

## I

Discrepamos del trámite rutinario e inconsecuente con que la mayoría trata la Moción informativa presentada por los apelantes Awilda Aponte Roque *et al.*

En síntesis, nos informan que ellos nunca aceptaron ningún cargo en el Consejo de Educación Superior creado por la Ley Núm. 17 de 16 de junio de 1993 (18 L.P.R.A. secs. 852–852l, 2101). Tampoco dieron su consentimiento para ser transferidos a éste, sino, por el contrario, fueron *destituidos*, ante lo cual impugnaron su constitucionalidad. Exponen que el 6 de octubre de 1993 se lo comunicaron al apelado, el Gobernador, Hon. Pedro J. Rosselló González, quien el 8 de octubre les informó que "aceptaba su renuncia como concejales, irrevocablemente y con vigencia inmediata". Ese mismo día le aclararon y reiteraron "que nunca habían renunciado a cargo alguno en el nuevo Consejo de Educación Superior creado por la Ley Núm. 17[, *supra*,] porque nunca habían aceptado ser miembros".

Con la Moción informativa acompañaron copias fieles y exactas de esas comunicaciones, para exponer que la comparecencia era necesaria con el fin de dejar claro que la "negativa a aceptar cargo alguno en el nuevo Consejo de Educación Superior creado por la Ley Núm. 17 de 1993 no afecta en forma alguna el presente recurso de apelación".

## II

Posponemos para otro momento el análisis exhaustivo de todas las implicaciones de esas comunicaciones en torno a la falta de legitimación activa, como apelante, del Con-

sejo y el pretendido reclamo individual de discrimen político.

Sin embargo, no podemos pasar por alto que los apelantes Awilda Aponte Roque *et al.* aceptan "la necesidad de que el Consejo de Educación Superior pueda funcionar con sus labores sin mayor dilación". Además, parten de la premisa errónea de que fueran "destituidos", olvidando la oportunidad que la Asamblea Legislativa les brindó de formar parte del Consejo, según modificado.

Esa postura implica una clara admisión de que la Ley Núm. 16 de 16 de junio de 1993 (18 L.P.R.A. sec. 602) y la Ley Núm. 17, *supra*, son las *únicas* que rigen al presente. No cabe otra interpretación. Como cuestión de realidad, la vigencia de tales leyes fue sancionada cuando una mayoría del Tribunal se negó el 24 de septiembre a suspender provisionalmente sus efectos mientras dilucidamos la apelación. No ha mediado decreto alguno de inconstitucionalidad.

Por esta misma razón, las comunicaciones de Awilda Aponte Roque *et al.*, para informarle al Gobernador que bajo las Leyes Núms. 16 y 17 vigentes, *supra*, no ocupan cargo alguno, sólo podrán interpretarse como una renuncia o abandono (renuncia constructiva) de los cargos que ocupaban *de jure* en el Consejo de Educación Superior de Puerto Rico y, por ende, el Primer Ejecutivo podía válidamente, como lo hizo, aceptarlas y llenar las vacantes.

Rehusarnos a reconocer estas consecuencias significa que con una simple Moción informativa los apelantes Awilda Aponte Roque *et al.* han logrado paralizar los efectos de unas leyes que se presumen constitucionales. *Semejante estado de derecho es intolerable.*